[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR APPORTIONMENT
In this case on August 15, 1995 the Jury reached a verdict for the Plaintiff Mary St. Peter finding economic damages in the amount of $81,371.70 and non-economic damages in the amount of $238,628.30 for a total of $332,500. And further finding the percentage of Plaintiff's contributory negligence to be fifteen percent leaving a total net verdict of $282,625.00.
Intervening Plaintiff West Hartford OBY-GYN, Inc. has asserted a claim based on its lien for workmen's compensation payments and moved for a determination of apportionment under General Statutes § 31-293.
Plaintiff in her response to Intervenor's Motion has asserted three claims: CT Page 8598
 1. Intervenor has not sustained the burden of proving its claim.
 2. Intervenor's claim must be reduced by the percentage of Plaintiffs' contributory negligence.
 3. Intervenor's claim should be reduced by its pro rata share of court costs and attorney's fees.
Plaintiff is no longer pressing its first claim since the parties on May 24, 1996 stipulated that the correct amount of the claimed lien by the intervenor under workmen's compensation was $71,500.00.
Plaintiff's second and third claims are rejected because under General Statutes § 31-293 (a) damages are apportioned so that "the claim of the employer as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery after the deduction of reasonable and necessary expenditures, including attorneys fees, incurred by the employee in effecting the recovery."
Plaintiff has not claimed that her reasonable and necessary expenses are so great that after deducting them from the net verdict that there would be a balance insufficient to pay the amount of Intervenor's claim.
The statute does not authorize any reduction from Intervenor's claim based on the percentage of contributory negligence attributable to the plaintiff by the verdict or by any proportionate sharing in the necessary expenses or attorneys' fees incurred by the Plaintiff in effecting recovery. Gurlacci v. Mayer, 218 Conn. 531 (1991); Enquistv. General Datacom, 218 Conn. 19, (1991).
The net amount of the net verdict $282,625.00 is apportioned as follows:
 to the Plaintiff for legal fees and expenses: $ 94,208.33 to the Intervenor West Hartford CT Page 8599 OBY-GYN, Inc. $ 71,500.00 Net recovery to the Plaintiff $126,916.67
Intervenor's request for a moratorium as against future compensation payments to the extent of plaintiff's net recovery is granted, meaning that any future compensation payments awarded to Plaintiff will be offset to the extent of Plaintiff's net recovery as determined above.
Jerry Wagner Trial Judge Referee